UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY JAMES,

        Plaintiff,

  v.

H-MART NORTHWEST HEADQUARTERS OFFICE, *et al.*,

        Defendants.

Case No. C23-242 RAJ

REPORT AND RECOMMENDATION

        Plaintiff Henry James filed an application to proceed *in forma pauperis* ("IFP") along with a proposed Complaint. (Dkt. ## 1, 1-1.) However, because it is apparent from the face of Plaintiff's proposed Complaint that the Court lacks jurisdiction over his claims, this Court recommends that the action be dismissed and Plaintiff's IFP application be denied as moot.

        Plaintiff filed this action against Defendants H-Mart Northwest and its employee Ohhyuk Kwon, claiming they used excessive force when detaining him for shoplifting. (Compl. (dkt. # 1-1) at 2, 7-8.) Plaintiff alleges violations of his "Fourth and Fourteenth Amendment Rights of the [U.S.] Constitution" and his "statutory rights [under] Washington RCW 9A.16.080; RCW 4.24.220; RCW 9A.040.060 and RCW 9A.16.020(2)." (*Id.* at 7.) Plaintiff requests compensatory, punitive, and emotional damages totaling $35,000.00. (*Id.* at 9.)

REPORT AND RECOMMENDATION - 1

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff contends this Court has jurisdiction based on diversity of citizenship. (Compl. at 3.) However, Plaintiff's Complaint alleges that he is "a citizen of the State of Washington," that "Defendant H-Mart . . . is incorporated under the laws of the State of Washington and has its principal place of business in the State of Washington," and that "Defendant Ohhyuk Kwon[] is a citizen of the State of Washington[.]" (*Id.* at 7.) Because all parties are citizens of Washington, diversity jurisdiction is lacking. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions . . . between . . . citizens of different States[.]"). Furthermore, Plaintiff's total damages request for $35,000 fails to request the required amount in controversy for diversity jurisdiction. *See id.* ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy *exceeds the sum or value of $75,000*, exclusive of interest and costs . . . ." (emphasis added)).

To the extent that Plaintiff's Complaint might purport to raise claims pursuant to 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights, which could implicate federal question jurisdiction, such claims are only cognizable against state actors. *See, e.g.*, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) ("[T]he conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State."). A claim under § 1983 requires that a person or entity be acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory" when depriving a party of his constitutional rights. 42 U.S.C. § 1983. Here, in contrast, Defendants are a private company and

its employee, and Plaintiff has not alleged that either was acting under color of state law.[1] Therefore, Plaintiff has not supplied any basis for this Court's jurisdiction.

Accordingly, the Court recommends that this case be DISMISSED without prejudice and Plaintiff's IFP application (dkt. # 1) be DENIED as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 24, 2023**.

The Clerk is directed to send copies of this order to Plaintiff and to the Honorable Richard A. Jones.

Dated this 2nd day of March, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[1] For a private actor's conduct to constitute state action, there must be such a "close nexus between the State and the challenged action that seemingly private behavior may be treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (citation and internal quotation omitted). Plaintiff's allegations fail to otherwise demonstrate any "close nexus" with the State and Defendants' alleged conduct for Defendants to be deemed state actors.